UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSÉ RUIZ,<br><br>    Plaintiff,<br><br>  v.<br><br>CRÉDIT AGRICOLE CORPORATE<br>AND INVESTMENT BANK and<br>ANTHONY BOTTING,<br><br>    Defendants. | No. 22-cv-10777<br><br>**ANSWER** |

Defendant Crédit Agricole Corporate and Investment Bank ("CACIB"), by and through its

attorneys Herbert Smith Freehills NY LLP, answers each paragraph of the Complaint as follows:

1. Denies the allegations in Paragraph 1, except admits Ruiz brings this action under the

referenced statutes.

2. Denies the allegations in Paragraph 2, except admits Ruiz joined CACIB in 2010 and

denies knowledge or information sufficient to form a belief regarding Ruiz's ethnic or racial

background.

3. Denies the allegations in Paragraph 3, and refers the Court to the referenced matter for

the findings therein.

4. Denies the allegations in Paragraph 4.

5. Denies the allegations in Paragraph 5.

6. Admits Plaintiff was formerly employed by CACIB in New York City, and denies

knowledge or information sufficient to form a belief regarding Ruiz's residence.

7.      Denies the allegations in Paragraph 7, except avers that CACIB has an office at 1301 Avenue of the Americas, New York, New York, and states that the paragraph calls for a legal conclusion to which no response is required.

8.      Denies the allegations in Paragraph 8, except denies knowledge or information sufficient to form a belief regarding Botting's residence, or any specifics regarding his prior employment.

9.      Denies the allegations in Paragraph 9, and states that the paragraph calls for a legal conclusion to which no response is required.

10.     Denies the allegations in Paragraph 10, and states that the paragraph calls for a legal conclusion to which no response is required.

11.     Denies the allegations in Paragraph 11, and states that the paragraph calls for a legal conclusion to which no response is required.

12.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 12.

13.     Denies knowledge or information sufficient to form a belief as to the allegations in Paragraph 13.

14.     Denies the allegations in Paragraph 14, and denies knowledge or information sufficient to form a belief regarding Ruiz's past employment.

15.     Admits the allegations in Paragraph 15.

16.     Denies the allegations in Paragraph 16.

17.     Admits the allegations in Paragraph 17.

18.     Denies the allegations in Paragraph 18, except admits Ruiz was promoted in 2015.

19.     Denies the allegations in Paragraph 19, except denies knowledge or information sufficient to form a belief as to Botting's specific title at any time.

20.      Denies the allegations in Paragraph 20.

21.      Denies the allegations in Paragraph 21, except denies knowledge or information sufficient to form a belief as to any words Botting said to Ruiz or Ruiz said to Botting.

22.      Denies the allegations in Paragraph 22, except denies knowledge or information sufficient to form a belief as to the specific timing of Botting's supervision of or interactions with Ruiz.

23.      Denies the allegations in Paragraph 23.

24.      Denies the allegations in Paragraph 24, except admits Oakley and Laing were hired as traders.

25.      Denies the allegations in Paragraph 25, except admits Oakley and Laing left CACIB.

26.      Denies the allegations in Paragraph 26.

27.      Denies the allegations in Paragraph 27.

28.      Denies the allegations in Paragraph 28, except admits that Ruiz, like many other employees during that time period, received a decreased discretionary bonus.

29.      Denies the allegations in Paragraph 29, except denies knowledge or information sufficient to form a belief as to what Ruiz thinks he observed.

30.      Denies the allegations in Paragraph 30.

31.      Denies the allegations in Paragraph 31.

32.      Denies the allegations in Paragraph 32, and refers the Court to the referenced decision for the findings thereof.

33.      Denies the allegations in Paragraph 33, except admits Darwell was hired as the manager of Ruiz's desk.

34.      Denies the allegations in Paragraph 34.

35.      Denies the allegations in Paragraph 35.

36.      Denies the allegations in Paragraph 36.

37.     Denies the allegations in Paragraph 37, and avers that employees are not informed about discipline of other employees.

38.     Denies the allegations in Paragraph 38, except admits Ruiz has stated his belief that he was unfairly disciplined.

39.     Denies the allegations in Paragraph 39.

40.     Denies the allegations in Paragraph 40.

41.     Denies the allegations in Paragraph 41, except admits Ruiz inquired about executive coaching at some point.

42.     Denies the allegations in Paragraph 42.

43.     Denies the allegations in Paragraph 43.

44.     Denies the allegations in Paragraph 44.

45.     Denies the allegations in Paragraph 45.

46.     Denies the allegations in Paragraph 46.

47.     Denies the allegations in Paragraph 47.

48.     Denies the allegations in Paragraph 48, except denies knowledge or information sufficient to form a belief regarding what an unnamed employee may have said.

49.     Denies the allegations in Paragraph 49, except admits Ruiz filed an EEOC Charge.

50.     Admits the allegations in Paragraph 50.

51.     In response to Paragraph 51, repeats each response to the referenced allegations as if fully set forth herein.

52.     In response to Paragraph 52, avers that the paragraph contains a summary of law to which no response is required.

53.     Denies the allegations in Paragraph 53.

54.     Denies the allegations in Paragraph 54.

55.     Denies the allegations in Paragraph 55.

56.     Denies the allegations in Paragraph 56.

57.     Denies the allegations in Paragraph 57.

58.     Denies the allegations in Paragraph 58.

59.     Denies the allegations in Paragraph 59.

60.     Denies the allegations in Paragraph 60.

61.     In response to Paragraph 61, repeats each response to the referenced allegations as if fully set forth herein.

62.     In response to Paragraph 62, avers that the paragraph contains a summary of law to which no response is required.

63.     Denies the allegations in Paragraph 63.

64.     Denies the allegations in Paragraph 64.

65.     Denies the allegations in Paragraph 65.

66.     Denies the allegations in Paragraph 66.

67.     Denies the allegations in Paragraph 67.

68.     Denies the allegations in Paragraph 68.

69.     Denies the allegations in Paragraph 69.

70.     Denies the allegations in Paragraph 70.

71.     In response to Paragraph 71, repeats each response to the referenced paragraphs as if fully set forth herein.

72.     In response to Paragraph 72, avers that the paragraph contains a summary of law to which no response is required.

73.     Denies the allegations in Paragraph 73.

74.     Denies the allegations in Paragraph 74.

75.     Denies the allegations in Paragraph 75.

76.     Denies the allegations in Paragraph 76.

77.     Denies the allegations in Paragraph 77.

78.     Denies the allegations in Paragraph 78.

79.     Denies the allegations in Paragraph 79.

80.     Denies the allegations in Paragraph 80.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim on which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

CACIB had legitimate, non-discriminatory and non-retaliatory reasons for every decision made with respect to or affecting Ruiz.

### THIRD AFFIRMATIVE DEFENSE

Ruiz's claims are barred, in whole or in part, by his failure to follow company policy and/or practice.

### FOURTH AFFIRMATIVE DEFENSE

Ruiz's claims are barred, in whole or in part, by the applicable statutes of limitations and/or the failure to exhaust administrative remedies.

### FIFTH AFFIRMATIVE DEFENSE

Ruiz has failed to mitigate his damages, if any.

### SIXTH AFFIRMATIVE DEFENSE

Ruiz's claims are barred by the doctrine of unclean hands or doctrine of laches.

### SEVENTH AFFIRMATIVE DEFENSE

Ruiz has no factual, legal or constitutional basis or right to recover punitive damages.

### EIGHTH AFFIRMATIVE DEFENSE

Ruiz's claims are barred by the doctrines of waiver and estoppel.

### NINTH AFFIRMATIVE DEFENSE

Ruiz's claim for punitive damages is barred, in whole or in part, because CACIB instituted policies prohibiting discrimination, trained personnel, and made good faith efforts to comply with applicable workplace laws.

### TENTH AFFIRMATIVE DEFENSE

Ruiz's retaliation claims are barred because any alleged protected activity was not the proximate cause of any alleged adverse employment action.

### ELEVENTH AFFIRMATIVE DEFENSE

Ruiz's claims are barred by the same actor inference.

### ADDITIONAL DEFENSES

CACIB reserves the right to raise any additional defenses as may be found to be merited during the course of discovery in, or trial of, this action, including without limitation an equitable defense.

WHEREFORE Defendant CACIB demands judgment in its favor and against Ruiz dismissing the Complaint in its entirety with prejudice, and awarding CACIB its costs, attorneys' fees and any other and further relief as this Court deems appropriate.

Dated: March 15, 2023                                   HERBERT SMITH FREEHILLS NY LLP

                                              By:  /s/ Barbara M. Roth
                                                    Barbara M. Roth
                                                    Tyler Hendry
                                                    *Attorneys for Crédit Agricole Corporate*
                                                    *and Investment Bank*
                                                    450 Lexington Avenue
                                                    New York, New York 10017
                                                    (917) 542-7600
                                                    barbara.roth@hsf.com
                                                    tyler.hendry@hsf.com