USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __3/3/2025__

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JOSE RUIZ,

        Plaintiff,

    -against-

CREDIT AGRICOLE CORPORATE AND
INVESTMENT BANK, et al.,

        Defendant.

22-CV-10777 (VSB) (BCM)

**ORDER**

**BARBARA MOSES, United States Magistrate Judge.**

The Court has received and reviewed the parties' joint letter regarding discovery deadlines (Dkt. 54), as well as defendant Anthony Botting's response (Dkt. 56) to plaintiff José Ruiz's letter-motion (Dkt. 53) requesting a discovery conference or, in the alternative, leave to file a motion to compel.

    1.    <u>Status Conference</u>. The in-person status conference now scheduled for March 19, 2025, is ADJOURNED to **March 25, 2025,** at **11:00 a.m.** The parties' joint status letter, outlining the progress of discovery to date, as well as any settlement efforts, is now due **March 21, 2025**.

    2.    <u>Reply Letter re Motion to Compel</u>. Plaintiff may have until **March 6, 2025**, to submit his reply letter, to which he must attach a copy of his complete set of document requests to Botting and Botting's written responses. Additionally, the Court requests that plaintiff address the following questions:

    a.    Has Botting produced *any* emails or other electronic communications in response to plaintiff's document requests?

    b.    If so, what steps have been taken to comply with the GDPR?

    c.    If Botting is compelled to produce emails or other electronic communications, which defendant will be financially responsible for the cost of complying with the GDPR?

    d.    Did plaintiff request the same (or similar) categories of emails or other electronic communications from Crédit Agricole Corporate and Investment Bank (CACIB)? If so:

        i.    Did CACIC produce responsive documents?

        ii.    Does plaintiff contend that Botting is likely to possess additional responsive and relevant communications, beyond those produced by CACIC? Why?

    e.    Botting objected to Requests No. 13, 15, and 16 in part as overbroad. Have plaintiff and Botting made any effort to narrow the challenged requests? If not, why not?

3.    <u>Discovery Conference</u>. If the Court cannot resolve the dispute based upon the parties' letters, it will conduct a discovery conference in conjunction with the rescheduled status conference on **March 25, 2025**.

4.    <u>Botting Deposition</u>. Plaintiff may have until **March 21, 2025** to conduct the Botting deposition. Alternatively, plaintiff may postpone the Botting deposition until the Court determines whether Botting must produce some or all of the challenged communications. In that event, plaintiff must be prepared to conduct the Botting deposition (a) if the motion to compel is denied, within two weeks of the Court's decision; (b) if the motion is granted, within two weeks of Botting's document production.

Dated: New York, New York  
       March 3, 2025

SO ORDERED.

_____  
**BARBARA MOSES**  
**United States Magistrate Judge**